UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Christopher Polansky

   v.                                           Civil No. 13-cv-3-PB

Richard M. Gerry, Warden, New
Hampshire State Prison[1]


**O R D E R**

Christopher Polansky has filed a petition for a writ of habeas corpus (doc. no. 1) and exhibits addended thereto (doc. no. 9) pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review.  See Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") Rule 4; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the

---

[1]Polansky named both New Hampshire State Prison ("NHSP") Warden Richard M. Gerry and New Hampshire Department of Corrections Commissioner William L. Wrenn as respondents to this action.  The proper respondent in a federal habeas action is the petitioner's custodian, who in this case is the NHSP warden.  See Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts.  The court thus construes the petition to have named Gerry as the sole respondent in this matter.

petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

I. <u>Trial and Sentencing</u>

On August 25, 2001, Polansky pleaded guilty to four felony offenses in the Hillsborough County Superior Court, Northern District ("HCSCN"), and was sentenced, pursuant to a "capped" plea agreement, to serve 7½-15 years in prison on one charge, and 2½-5 years in prison on each of three additional charges.

The sentences were imposed consecutively, resulting in a total sentence of 15-30 years, which is the sentence the state requested.

## II.  Sentence Review

The docket sheet for Polansky's criminal case in the HCSCN, which is an exhibit to his habeas petition, reveals that on September 4, 2001, Polansky, acting without counsel, applied for review of his sentence.  See Doc. No. 6, p. 9.  Polansky asserts now, however, that he did not request review of the sentence imposed from the Superior Court Sentence Review Division ("SRD").

Polansky states that in late 2002, someone from the SRD, unable to reach Polansky, contacted Polansky's sister concerning the request for sentence review.  Polansky claims that, without legal authority to do so, his sister requested that a hearing be held as soon as possible, as Polansky had been diagnosed with cancer and was, at that time, thought to be dying.  The hearing was scheduled for January 8, 2003.  A letter to Polansky from the SRD, attached to the instant petition, states that Polansky had been advised that he had a right to counsel at the SRD hearing and should he want counsel, he should fill out paperwork.  See Doc. No. 1, p. 26.  Polansky states he never received that letter or instruction and, as a result, he was not

aware of his right to counsel at the sentence review hearing, and thus appeared at that hearing without counsel.

Polansky asserts that he was under the influence of narcotics and other mind-altering medication related to his cancer treatment at the time of the sentence review hearing. Further, Polansky asserts that had he been more aware of what was going on, or if he had counsel, he would have withdrawn the request for sentence review rather than going through with the hearing.  The sentence review hearing was held on November 13, 2002, and on January 8, 2003, the SRD added a 5-10 year period of incarceration to Polansky's sentence.  See State v. Polansky, Nos. 00-S-1389, -1767, -1769 to -1771, (N.H. Super. Ct., Hillsborough Cnty., N. Div. Jan. 8, 2003); see also Doc. No. 6, p. 9.

Polansky filed another motion to suspend his sentence on August 2, 2004, which was denied on October 7, 2004.  See Doc. No. 6, p. 10.  Further, on June 22, 2006, Polansky filed a motion seeking transcripts of court hearings in his case for the purposes of challenging his conviction and sentence.  Id.  That motion was denied on June 29, 2006.  Id.

III. 2010-2011 Challenge to Sentence Review Proceedings

After the June 2006 motions concerning transcripts, neither the HCSCN docket sheet nor any other part of the record

4

presently before the court reflects any proceedings in Polansky's criminal case, until August 2010, when Polansky wrote to the SRD challenging the January 8, 2003, sentencing order. Polansky thereafter litigated issues related to the sentence review proceedings in the superior court, and, when his efforts were unsuccessful, he filed both a notice of appeal, appealing the SRD's denial of relief, and a motion for original jurisdiction in the New Hampshire Supreme Court ("NHSC"). On October 13, 2011, the NHSC declined the notice of appeal, see State v. Polansky, No. 2011-0359 (N.H. Oct. 13, 2011), and denied the petition for original jurisdiction the next day, see In re Polansky, No. 2011-600 (N.H. Oct. 14, 2011). Polansky took no further appeal in the state courts.

## IV.  § 2254 Petition

Polansky filed his § 2254 petition (doc. no. 1) in this court on January 3, 2013. In this action, Polansky challenges the legality of the SRD's decision to increase his sentence, and the failure of the state courts to remedy alleged procedural defects in the sentence review proceedings, in violation of Polansky's due process rights.

### Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners

5

to file federal habeas petitions. See 28 U.S.C. § 2244(d)(1); see Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012). AEDPA's one-year time limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or by the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A); see Wood at 1831; Herbert, 695 F.3d at 108.

Certain statutory exceptions to the statute of limitations exist where the untimely filing was caused by state-impeded relief, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim. See 28 U.S.C. § 2244(d)(1)(B)-(D); Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012) (citing § 2244(d)(1)); David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003). Further, AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Wood, 132 S. Ct. at 1831; Drew v. MacEachern, 620 F.3d 16, 20 (1st Cir. 2010). Although the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired. See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) (post-conviction state court

litigation filed after AEDPA's limitations period expires does not stop or reset clock).

For purposes of preliminary review, the court assumes that Polansky filed a timely motion for sentence review on September 4, 2001, as reflected in the superior court docket. See Doc. No. 6, p. 9. That proceeding ended on or about February 7, 2003, the date of the expiration of the time when Polansky could have properly appealed the SRD's January 8, 2003, decision. Therefore, the statute of limitations for filing a federal habeas action began to run in February 2003 and expired on or around February 7, 2004.

The record presently before the court does not reflect that Polansky engaged in any state court proceedings between February 2003 and February 2004 that would cause the limitations period for filing this habeas action to be tolled. The fact that Polansky returned to litigating the case, first six months after the one-year period expired, then in 2006, and again in 2010, did not reset or restart the expired limitations period.

If the record before the court includes all of Polansky's post-conviction litigation efforts, the instant action was initiated after the deadline for filing a habeas petition. However, the court cannot, at this time, conclude that no other litigation occurred that might impact the calculation of the expiration of the applicable limitations period. Additionally,

7

it may be that Polansky can show that he acted with due diligence in pursuing legal challenges to his conviction and sentence, but that an incapacitating health problem, or some other exceptional circumstance, warrants this court's equitable tolling of the limitations period.  See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2560, 2562-63 (2010); Drew, 620 F.3d at 23 (petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition (internal quotation marks and citations omitted)).  Accordingly, the court gives Polansky the opportunity to show cause why the habeas action pending in this court should not be dismissed as untimely.

## Conclusion

Within thirty days of the date of this order, Polansky is granted leave to file an amended habeas petition to show cause why this action should not be dismissed as untimely filed.  See LR 4.3(d)(2)(B) (magistrate judge may grant pro se plaintiff leave to file amended pleading).  To do so, Polansky must file documents as exhibits to his amended petition, including motions or briefs filed in the state courts, challenging his conviction

8

and/or sentence, as well as any pertinent state court orders or other documents, for the purpose of demonstrating either:

    1. That the one-year limitations period should be tolled or recalculated pursuant to 28 U.S.C. § 2244(d)(2); or

    2. That he has been pursuing his rights diligently, and that exceptional circumstances warrant equitable tolling of the limitations period in this matter.

Polansky's failure to show cause as directed, or failure to otherwise comply with this order, may result in a recommendation that his petition be dismissed.

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

February 14, 2013

cc: Christopher Polansky, pro se

LBM:jba