```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Christopher Polansky</u>

   v.                                    Civil No. 13-cv-3-PB

<u>Richard M. Gerry, Warden, New</u>
<u>Hampshire State Prison</u>

**<u>REPORT AND RECOMMENDATION</u>**

Christopher Polansky has filed a petition for a writ of habeas corpus (doc. no. 1) and addenda thereto (doc. nos. 3-9) pursuant to 28 U.S.C. § 2254. The matter is before the court for preliminary review. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; United States District Court District of New Hampshire Local Rule 4.3(d)(2). Before the court are documents filed by Polansky to demonstrate that his petition is timely (doc. nos. 11, 12, 14, and 16).

**Background**[1]

On February 14, 2013, the court issued an order (doc. no. 10) directing Polansky to show cause why his petition should not be dismissed as untimely. The court, in that order, explained that, based on the information then in the record, the one-year

---

[1] The facts underlying Polansky's habeas claims were discussed in this court's February 14, 2013, order (doc. no. 13), and will not be repeated here.

limitations period applicable to this action appeared to have expired on or around February 7, 2004. This court granted Polansky leave to amend his petition to provide additional information pertinent to the limitations issue. <u>See</u> February 14, 2013, Order (doc. no. 10).

In Polansky's responsive filings (doc. nos. 11, 12, 14, and 16),[2] he urges the court to deem his petition timely-filed. Construing Polansky's filings liberally, the court finds that Polansky has asserted the following grounds for his request:

> 1. Polansky was not told of the one-year limitations period applicable in a habeas action until recently;
>
> 2. Polansky's filing of this action was impeded by the state when Polansky was denied access to the prison law library from September 2012 through December 2012;
>
> 3. Polansky was too ill from September 2012 through December 2012 to do any legal work; and
>
> 4. In February 2004, Polansky had not yet exhausted his federal habeas claims in the state courts, and thus was unable to file a federal habeas petition at that time.

---

[2] Polansky's responsive filings are a motion to extend time (doc. no. 11); a motion to extend time and to amend the petition (doc. no. 12); a "Motion to Inform" (doc. no. 16); and an "Objection to Report and Recommendation" (doc. no. 14), which Polansky describes as "an early motion to object to courts' [sic] inevitable dismissal of his federal writ for habeas corpus petition."

## Discussion[3]

In the February 14, 2013, order (doc. no. 10), the court identified the apparent expiration date of the statute of limitations in this matter as February 7, 2004.  The relevant statute, 28 U.S.C. § 2244(d)(2), tolls the limitations period while post-conviction proceedings are pending in state court.

In the instant action, Polansky challenges a January 8, 2003, decision of the New Hampshire Superior Court's Sentence Review Board ("SRB") to increase Polansky's sentence.  Polansky did not appeal the SRB's decision to the New Hampshire Supreme Court ("NHSC"), and the SRB decision thus became final on February 7, 2003, the date that the time for filing a NHSC appeal expired.  When the SRB decision became final on February 7, 2003, the limitations period for filing a federal habeas petition in this court began to run on that date.  See 28 U.S.C. § 2244(d)(1)(A).  Polansky did not pursue any post-conviction litigation challenging his conviction or sentence on or before February 7, 2004, and the one-year limitations period for filing a federal habeas action therefore expired on that date.  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007).  Accordingly, as more fully explained in the February 14, 2013,

---

[3]This court's February 14, 2013, order (doc. no. 10), sets forth the standard that applies to the preliminary review of habeas petitions.  The court applies that standard here.

order (doc. no. 10), pursuant to 28 U.S.C. § 2244(d), the court finds that the limitations period expired on or around February 7, 2004.

Polansky further contends that the limitations period should be equitably tolled because of his illness and lack of law library access between September 2012 and December 2012, and his prior lack of knowledge about the limitations period. To show an entitlement to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010) (internal quotation marks and citation omitted). Polansky offers no facts to demonstrate either due diligence, or any exceptional circumstances preventing him from filing a habeas action prior to February 7, 2004. Cf. Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) ("counsel's error[] in . . . advising a petitioner of the appropriate filing deadlines do[es] not constitute extraordinary circumstance warranting equitable tolling"). Accordingly, the court finds no basis to toll the statute of limitations in this matter.

**Conclusion**

For reasons set forth herein and in the February 14, 2013, order (doc. no. 10), Polansky's petition for a writ of habeas corpus (doc. nos. 1 and 3-9) is untimely and should be dismissed. The pending motions (doc. nos. 12, 14, and 16) should be denied if the court accepts this report and recommendation.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

June 5, 2013

cc: Christopher Polansky, pro se
LBM:jba